Timothy M. Bechtold
Bechtold Law Firm, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | CR 20-32-M-DWM |
| Plaintiff, | ) ) ) | **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO COMPEL RESPONSE TO SUBPOENA DUCES TECUM** |
| vs. | ) ) | |
| **MATTHEW ANTHONY MARSHALL,** | ) ) ) | |
| Defendant. | ) | |

On November 17, 2020, this Court issued a Subpoena Duces Tecum for service by the U.S. Marshal's Service asking Michael Goguen to produce to Defendant's counsel various items, including employment agreements, W-2 and 1099 forms, and accounting documentation. The subpoena duces tecum also included producing for forensic analysis electronic devices that contained Michael Goguen's purported emails and text exchanges with Mr. Marshall.

Defense counsel was notified by the Court on December 14, 2020, that the subpoenas duces tecum had not been served by the U.S. Marshal's Service. Defense counsel then contacted counsel for Mr. Goguen, who agreed to accept service of the subpoena duces tecum for Michael Goguen. Defense Counsel and counsel for Michael Goguen agreed to a deadline of February 1, 2021 for service of responses to the subpoena duces tecum.

On February 1, 2021, counsel for Michael Goguen served defense counsel with some documents responsive to the subpoena duces tecum, including, for example, W-2 forms issued to Mr. Marshall. Counsel for Michael Goguen designated the documents as "sensitive" pursuant to LR CR 16.4. Local Rule CR 16.4 states that "a party" may designate documents as sensitive pursuant to LR CR 16.4. Defense counsel now asks the Court to clarify whether LR CR16.4 provides that a non-party responding to a subpoena duces tecum may unilaterally designate responsive documents under LR CR16.4 without first seeking a protective order or some other modification of the subpoena duces tecum from the Court. Here, for example, documents demarcated as sensitive under LR CR 16.4 are employment records and tax forms pertaining to Mr. Marshall. Like defense counsel, counsel for the government has not encountered a situation before in which a non-party asserts LR CR 16.4 protections. Mr. Marshall now asks the Court to provide guidance in this regard so that the documents may be distributed to Mr. Marshall and witnesses.

>Also on February 1, 2021, in response to the subpoena duces tecum item
>
>Produce for forensic analysis any and all electronic devices and account credentials with any messages, chat messages, and/or emails, all in native format with no editing of the originals, sent from you to Matthew Anthony Marshall and/or from Matthew Anthony Marshall to you.

Counsel for Michael Goguen responded,

>Goguen objects to this request to the extent that it is unreasonable and oppressive. Furthermore, Goguen has previously produced to the government all responsive messages, chat messages, and/or emails with no editing of the originals, sent from Goguen to Matthew Anthony Marshall and/or from Matthew Anthony Marshall to Goguen.

In subsequent discussions, counsel for Michael Goguen explained to defense counsel that since Michael Goguen has already produced all the requested information to the government, any production to defense counsel would be redundant and oppressive. However, at issue in this case is whether Michael Goguen curated or edited the texts and emails between Michael Goguen and Mr. Marshall before providing the texts and emails to the government. Mr. Marshall would like the opportunity to have a forensic specialist examine Michael Goguen's electronic devices to determine whether any communications have been manipulated or omitted. Mr. Marshall's electronic devices have been subjected to forensic analyses. The government claims in this case that Mr. Marshall has forged numerous communications that he claimed he exchanged with Michael Goguen because the communications differ in some instances from the versions Michael Goguen provided to the government. Because Mr. Marshall's forensic specialist

does not have access to Michael Goguen's original electronic communications – and so far as Mr. Marshall is aware, the government has never had access to Michael Goguen's original electronic communications – there is no way for Mr. Marshall to show that Michael Goguen's curated production is accurate when it differs from the forensically examined communications taken from Mr. Marshall's electronic devices.

For these reasons, a forensic examination of Michael Goguen's electronic devices that contain communications with Mr. Marshall must be allowed because it is essential to Mr. Marshall's defense. Mr. Marshall, therefore, asks this Court for an Order compelling Michael Goguen to make his electronic devices that have communications with Mr. Marshall available for forensic examination.

Dated this 4th day of February, 2021.

/s/Timothy M. Bechtold

## Certificate of Service

I certify that I served a true and accurate copy of this document via email attachment on February 4, 2021 upon the following:

John Sullivan
Holland & Hart
jdsullivan@hollandhart.com