Case 9:20-cr-00032-DWM   Document 118   Filed 05/14/21   Page 1 of 7

**TIMOTHY J. RACICOT**
**RYAN G. WELDON**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2d Floor**
**Missoula, MT 59802**
**Phone:** (406) 542-8851
**FAX:** (406) 542-1476
**Email:** tim.racicot2@usdoj.gov
ryan.weldon@usdoj.gov

**S. DEREK SHUGERT**
**Trial Attorney**
**Counterintelligence and Export Control Section**
**National Security Division**
**U.S. Department of Justice**
**Phone:** (202) 305-1629
**FAX:** (202) 532-4251
**Email:** shawn.shugert@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 20-32-M-DWM |
|---|---|
| Plaintiff, | **BRIEF IN RESPONSE TO COURT ORDER RE COUNSEL (Doc. 116)** |
| vs. | |
| MATTHEW ANTHONY MARSHALL, | |
| Defendant. | |

On May 10, 2021, the Court presided over an ex parte hearing on Marshall's request to replace CJA counsel with retained counsel. Docs. 106, 107. Following the hearing, the Court issued an order directing the United States to answer the following question: does an indigent defendant have a right to counsel of his choice under the Sixth Amendment if he is not personally funding that counsel? Doc. 116. The government's short answer is yes.

## SIXTH AMENDMENT RIGHT TO COUNSEL

The Sixth Amendment guarantees every defendant in a criminal case the right to effective assistance of counsel. The right to counsel of a defendant's choosing, however, is not absolute. *Wheat v. United States*, 486 U.S. 153, 158 (1988), "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." The Court in *Wheat* also stated that "a defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant." *Id.* at 159.

Built into the right to effective assistance of counsel is the right to counsel unburdened by a conflict of interest. *See, e.g. Wood v. Georgia*, 450 U.S. 261, 271 (1981); *United States v. Elliot*, 463 F.3d 858, 867 (9th Cir. 2006) (*citing*

*United States v. Henke*, 222 F.3d 633, 638 (9th Cir. 2000) ("[f]ew aspects of our criminal justice system are more vital to the assurance of fairness than the right to be defended by counsel, and this means counsel not burdened by a conflict of interest." A defendant's choice of counsel "may be overcome not only by a demonstration of actual conflict of interest but by a showing of a serious potential for conflict." *Wheat*, 486 U.S. at 164. An actual conflict of interest exists when the attorney's and the defendant's interests "diverge with respect to a material factual or legal issue or to a course of action," or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client. *United States v. Feyrer*, 333 F.3d 110, 116 (2d Cir. 2003). Determining whether a conflict exists "must be left primarily to the informed judgment of the trial court." *Wheat*, 486 U.S. at 164.

Here, it appears from Marshall's motion and the Court's order that he wishes to choose new counsel who would be paid by a third party, given his continuing indigency. That puts Marshall in an interesting position – he is not capable of hiring his own lawyer but apparently has secured funding from another source, so he is not seeking a different court-appointed representative. Third-party payors create obvious risks for a conflict of interest, since counsel may be influenced by the person footing the bill as opposed to the client. *See Wood*, 450 U.S. at 268-69 ("Courts and commentators have recognized the inherent dangers that arise when a

3

criminal defendant is represented by a lawyer hired and paid by a third party . . . ."). The defendants in *Wood* were deemed particularly vulnerable by the Court given they were "mere employees" of their employer who funded their defense. *Id.* at 270. The Court was also concerned given that the employer was the "operator of the alleged criminal enterprise." *Id.* at 269.[1] While neither of those concerns may be present here, depending on Marshall's relationship with the intended third-party payor, the potential for conflict still exists.

The Court is undoubtedly aware of the potential conflict here, having referred the government to the Ninth Circuit's decisions in *United States v. Rewald*, 889 F.2d 836, 856-57 (9th Cir. 1989), and *Schell v. Witek*, 218 F.3d 1017, 1025-26 (9th Cir. 2000). The conflict in *Rewald* centered on the lawyer's representation of two defendants in two different federal criminal cases, where one client would testify at the other client's trial. The issue here would focus on Marshall's new counsel's ability to provide conflict-free representation to Marshall notwithstanding that a third party would be paying the fee. *Witek* is also not directly applicable to this case since that case focused on the defendant's request for a different court-appointed counsel in light of the defendant's alleged strategic conflict with his original lawyer.

---

[1] *See also United States v. Allen*, 831 F.2d 1487, 1496 (9th Cir. 1987); and *United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005) (discussing the heightened potential for conflict when the defendant's employer funds the defense.).

As the cases note, the Court's inquiry into a potential conflict of interest is extremely fact-based. Here, if the Court is satisfied Marshall's potential new lawyer is not burdened by an actual or potential conflict (or that Marshall has knowingly and voluntarily waived such actual or potential conflict), his Sixth Amendment right to counsel of his choice probably carries the day. That is particularly true since he is not asking the Court to continue to finance his defense. While his right to pick his lawyer is not absolute, the Sixth Amendment contemplates him making his own selection, as long as that selection will not be burdened by a conflict and he is not asking the Court to pick up the tab.

## POTENTIAL IMPLICATIONS OF CIPA

The Court has also asked whether the Classified Information Procedures Act (CIPA) has any bearing on this issue. While the Court has ruled on Marshall's CIPA Section 5 notice and the government's CIPA Section 6(a) objections, finding that classified information may not be introduced through the witness testimony Marshall noticed, he may renew his desire to introduce classified information through the end of trial. If he does, the parties would again litigate CIPA Sections 5 and 6. If Marshall's current lawyer leaves the case, any new defense counsel would require a security clearance, assuming they qualify for one, in order to participate in a new round of CIPA litigation. That process will consume government time and resources and could impact the Court's current schedule. If,

however, Marshall's current counsel remains on the case, either entirely or for the limited purposes of litigating the admissibility of classified information, should any arise, that process could be avoided.

## CONCLUSION

For the reasons stated above, the United States believes Marshall is entitled to counsel of his choosing notwithstanding that he is indigent, as long as he is not seeking reimbursement from the Court and his chosen lawyer is not burdened by an actual or potential conflict of interest. The United States also notes that an uncleared lawyer could create additional expenses and delays if Marshall renews his request to introduce classified evidence at trial, but that issue could be alleviated by leaving Marshall's current CJA lawyer in place, even if only for the purposes of potential additional CIPA litigation.

Respectfully submitted this 14th day of May, 2021.

LEIF M. JOHNSON
Acting United States Attorney

*/s/ Timothy J. Racicot*
Assistant U.S. Attorney
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, a copy of the foregoing document was served on the following persons by the following means:

```
(1,2)  CM/ECF
( )    Hand Delivery
( )    U.S. Mail
( )    Overnight Delivery Service
( )    Fax
( )    E-Mail
```

1. Clerk, U.S. District Court

2. Timothy M. Bechtold
   Bechtold Law Firm, PLLC
   317 East Spruce Street
   P.O. Box 7051
   Missoula, MT 59807-7051

*/s/ Timothy J. Racicot*
Assistant U.S. Attorney
Attorney for Plaintiff
