IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>    Plaintiff,                   )<br>                                 )<br>    v.                           )<br>                                 )<br>MATTHEW MARSHALL,                )<br>                                 )<br>    Defendant.                   )  | Case No. 9:20-CR-00032-DWM |

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS 1, 2 THROUGH 7, AND 11 OF THE SECOND SUPERSEDING INDICTMENT

Defendant Matthew Marshall ("Marshall"), by and through undersigned counsel, respectfully moves this Court to dismiss Count 1 of the second superseding indictment (Doc. 142) for duplicity pursuant to Fed. R. Crim. P. 12(b)(3)(B)(i). Marshall further moves this Court to dismiss Counts 2, 3, 4, 5, 6, 7, and 11[1] of the second superseding indictment (Doc. 142) as they are all predicated on Count 1, and therefore fail to state an offense and constitute an error in the grand-jury proceeding. *See* Fed. R. Crim. P. 12(b)(3)(A)(v) and 12(b)(3)(B)(v).

Count 1 now alleges that Marshall engaged in a wire fraud scheme between on or about April 20, 2013 and December 2018. Counts 2 through 7 each allege that Marshall committed money laundering violations using the proceeds of the acts alleged in Count 1. Count 11 alleges that Marshall committed aggravated identity theft on or about November 30, 2018 by using the means of identification of another person "during and in relation to a felony violation of 18 U.S.C. § 1343, wire fraud, as charged in Count I, in violation of 18 U.S.C. § 1028A(a)(1)." (Doc. 142.) The fatal flaw in Count 1 is the duplicitous language which includes multiple interstate wires in

---

[1] Count 11 should also be dismissed based on the separately-filed motion to dismiss. The essential element of "during and in relation to" the enumerated felony violation cannot be satisfied based on the charging language of the second superseding indictment.

only one count of the second superseding indictment. The fatal flaw with respect to Counts 2 through 7 and Count 11 is that the Court cannot know whether the grand jurors agreed on only one of the enumerated wires in Count 1 to the degree of certainty required to return the second superseding indictment for Count 1, and therefore Counts 2 through 7 and 11—each of which is predicated on Count 1—are necessarily legally insufficient.

I.   **Relevant Background**

On September 17, 2021, a federal grand jury in the District of Montana returned a second superseding indictment charging Marshall with, *inter alia*, wire fraud in violation of Title 18, United States Code, Section 1343 (Count 1), money laundering in violation of Title 18, United States Code, Section 1957 (Counts 2-7), and aggravated identity theft in violation of Title 18, United States Code, Section 1028A. (Doc. 142). The remaining counts in the second superseding indictment are not relevant to this motion.

In prior returned versions of the indictment, Count 1 expressly alleged under the heading "Interstate *Wires*" that "On or about March 21, 2016 . . . Marshall . . . knowingly caused to be transmitted in interstate commerce a wire communication, specifically an online communication from John Doe in Montana to Wells Fargo Bank in San Francisco, California, which prompted a wire transfer of $255,000 from Wells Fargo Bank in California to MARSHALL's checking account at Old National Bank in Indiana, account number ending in 9053."  (Doc. 123) (emphasis added). Following the filing of a similar pretrial motion by Marshall, (Doc. 140), the grand jury returned a second superseding indictment which amended the heading of the relevant section to "Interstate Wire" but did not remove the allegations containing two separate wires.  Specifically, the language reads that "On or about March 21, 2016 . . . Marshall . . . knowingly caused to be transmitted in interstate commerce a wire communication, specifically an online communication

from John Doe in Montana to Wells Fargo Bank in California, which prompted a wire transfer of $255,000 from Wells Fargo Bank in California to MARSHALL's checking account at Old National Bank in Indiana, account number ending in 9053." (Doc. 142 at 3-4). This new charging language is identical to the old charging language with the exception of removing "San Francisco." This second superseding indictment did nothing to alleviate the duplicity issue raised by Marshall in his previously filed motion. (Doc. 140).

Counts 2 through 7 each allege identical language linking each money laundering count to Count 1, specifically: that "such money having been derived from specified unlawful activity, that is the wire fraud scheme as described in count I." (Doc. 142). Count 11 alleges that Marshall committed aggravated identity theft on or about November 30, 2018 by using the means of identification of another person "during and in relation to a felony violation of 18 U.S.C. § 1343, wire fraud, as charged in Count I." (*Id.*)

## II. This Court Should Dismiss Count 1 for Duplicity

Marshall "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). This includes motions alleging a defect in the indictment including duplicity. Fed. R. Crim. P. 12(b)(3)(B)(i).

A count of an indictment is duplicitous "where a single count joins two or more distinct and separate offenses. *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001). The issue with a duplicitous indictment is that it "compromises a defendant's Sixth Amendment right to know the charges against him, as well as his Fifth Amendment protection against double jeopardy." *United States v. King*, 200 F.3d 1207, 1212 (9th Cir. 1999). Also inherent in a duplicitous indictment is "the risk of a non-unanimous verdict." *United States v. W.R. Grace*, 429 F.Supp.2d 1207, 1217 (D. Mont. March 3, 2006). When deciding this motion, this Court "limits

its review to a reading of the indictment itself to determine whether it may be read to charge a single violation." *W.R. Grace*, 429 F.Supp.2d at 1217 (quoting *King*, 200 F.3d at 1212).

A conviction for wire fraud requires proof beyond a reasonable doubt of four elements, the relevant one for purposes of this motion being: "the defendant used, or caused to be used, *an interstate wire communication* to carry out or attempt to carry out an essential part of the scheme." *See* Manual of Model Crim. Jury Instructions, Ninth Circuit, 2010, 8.124 (emphasis added). "It is well established that each use of the wires constitutes a separate crime under 18 U.S.C. § 1343, *even if several uses are in pursuance of but one criminal enterprise.*" *United States v. Fermin Castillo*, 829 F.2d 1194, 1199 (1st Cir. 1987) (emphasis added); see also *Lindsey v. United States*, 332 F.2d 688, 692-93 (9th Cir. 1964) (affirming six consecutive sentences for six counts of wire fraud, each based on one individual wire as part of one overall scheme).

The fundamental problem with Count 1 of the second superseding indictment is that it alleges two separate interstate wires in one count. Count 1 specifically lays out two wires with supporting interstate jurisdictional elements for each wire. Although the grand jury amended the title of the section to "Interstate Wire," that revision does not somehow cure the duplicity. Rather, as a matter of constitutional law, the charging language itself is duplicitous regardless of the heading.

This matters because a duplicitous count of an indictment cannot stand. Indeed, one permissible remedy upon a finding of duplicity is to "dismiss the offending count." *W.R. Grace*, 429 F.Supp.2d at 1219.  While Marshall recognizes that there are other remedies available to the Court, including an election of wire or a specific jury instruction during trial, *id.*, these remedies are inadequate when the second superseding indictment pending in this case is considered. Specifically, two interstate wires are alleged in one single count of wire fraud and, as a result, it is

impossible for this Court to determine whether at least 12 grand jurors agreed about which specific wire Count 1 is factually based. Fed. R. Crim. P. 6(f). This imprecision by the Government in the presentation of this count requires dismissal.

### III. Because Count 1 is Duplicitous, Counts 2 Through 7 and Count 11 Should be Dismissed

Should this Court find that the charging language in Count 1 is duplicitous, regardless of the remedy ordered by this Court as to Count 1, Counts 2 through 7 and Count 11 should be dismissed. While Count 1 may possibly be remedied through an election or jury instruction, the nuance of the grand jury presentation and required voting is what requires dismissal of Counts 2 through 7.

This issue boils down to a simple but constitutionally significant premise: because Count 1 is duplicitous and because Counts 2 through 7 and 11 are each factually predicated on the grand jury returning a true bill as to Count 1 (or, at the very least, to 12 grand jurors agreeing to the "specified unlawful activity . . . described in count I"), this Court cannot say with certainty that at least 12 grand jurors concurred that there was probable cause for either of the two interstate wires alleged in Count 1. *See* Fed. R. Crim. P. 6(f) ("A grand jury may indictment only if at least 12 jurors concur"). As it stands, this Court can never know the breakdown of agreement within the grand jury—meaning that the flaw in Count 1 leaves open the possibility that there was not agreement among a sufficient number of grand jurors to legally return a true bill for Count 1, or enough grand jurors to agree on which of the two wires was operative, and therefore Counts 2 through 7 and Count 11 have no legally sufficient factual predicate offense in the charging document or in the grand jury presentation. As such, these money laundering and aggravated identity theft counts must be dismissed for failing to state an offense.

### IV.     Conclusion

The bottom line is this: Count 1 is necessarily duplicitous because it alleges two separate interstate wires in the same single wire fraud count. As such, this Court should dismiss Count 1. However, regardless of the remedy this Court determines for Count 1, Counts 2 through 7 and Count 11 necessarily require dismissal because of the fatal flaw in Count 1.

As such and based on the foregoing, Marshall respectfully requests that this Court dismiss Counts 1, 2 through 7, and 11 of the second superseding indictment.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, #62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted *pro hac vice*

## Certificate of Compliance

Pursuant to Local Rule, this certifies that the body of the attached Brief contains 1,692 words, excluding the caption and certificate of compliance.

**Margulis Gelfand, LLC**

_/s/ Justin K. Gelfand_
JUSTIN K. GELFAND, #62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted *pro hac vice*

**Certificate of Service**

    I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

                                **Margulis Gelfand, LLC**

                                  _/s/ Justin K. Gelfand_
                                JUSTIN K. GELFAND, #62265*
                                7700 Bonhomme Ave., Ste. 750
                                St. Louis, MO 63105
                                Telephone: 314.390.0234
                                Facsimile: 314.485.2264
                                justin@margulisgelfand.com
                                _Counsel for Defendant_
                                *Admitted _pro hac vice_